ESPINET, PLAINTIFF AND APPELLEE, *v.* ALVAREZ, DEFENDANT AND APPELLANT.

APPEAL from a Ruling of the District Court of Ponce on a Motion for Change of Venue.

No. 1382.—Decided January 17, 1916.

CHANGE OF VENUE—AFFIDAVIT OF MERITS.—Although defendant's affidavit in support of his motion for change of venue to the district of his domicil, which avers that he is thoroughly acquainted with all the facts of the case and the allegations made therein both of his own knowledge and by the advice of his attorney upon the said facts and the law applicable thereto, and that he is convinced that he has a good and sufficient defense to the action is not a model of perfection, it is a sufficient compliance with the requirements of the statute.

The facts are stated in the opinion.
*Mr. Manuel A. Rivera* for the appellant.
The appellee did not appear.
MR. JUSTICE DEL TORO delivered the opinion of the court.
This is an appeal from an order overruling a motion for change of venue.

Nadal Espinet filed a complaint against José de Jesús Pérez and Manuel Alvarez Blanco in "alternative actions of non-existence of credit or preference of credit." The defendants having been summoned, both moved for change of venue to the District Court of Guayama, filing separate demurrers to the complaint on the ground of misjoinder of causes of action and lack of facts sufficient to constitute the causes of action therein set up. The motions for change of venue alleged under oath that the defendants resided within the jurisdiction of the District Court of Guayama and were accompanied by two affidavits of the defendants. The court overruled the motions and one of the defendants, Manuel Alvarez Blanco, took the present appeal from that ruling. The affidavit of the appellant defendant reads as follows:

"I, Manuel Alvarez Blanco, solemnly swear that my name is as stated; that I am one of the defendants in the above-entitled action; that I have my fixed and permanent residence in the town of Santa Isabel where I do business as a merchant; that I have never intended and do not intend to leave the island; that I am thoroughly acquainted with all the facts of this case and the allegations made therein and of my own knowledge and by the advice received from my attorney, Manuel A. Rivera, regarding the said facts and the law applicable thereto, I am convinced that I have a good and sufficient defense to the action."

The ruling of the District Court of Ponce was based on the insufficiency of the affidavits of merit upon which the motions for change of venue were founded. The district judge gave no detailed reasons for his decision and the appellee has not appeared before this court. Therefore, we have before us only the pleadings, the ruling of the court and the argument of the appellant.

That the appellant is entitled to the change of venue there can be no doubt. The plaintiff brought a personal action in the District Court of Ponce and the appellant resides in the

judicial district of Guayama. But the question involved is whether the appellant asserted his right in accordance with the law.

Section 83 of the Code of Civil Procedure reads as follows:

"If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

The said section has been construed by this court on various occasions and for the purposes of the decision of this case it is sufficient to cite the case of *Bithorn et al.* v. *Ball et al.,* 17 P. R. R. 549, in which the following doctrine was laid down:

"The affidavit of merits requesting the transfer of an action wherein it is alleged that the defendant has faithfully stated the facts of the case to his counsel and that in the opinion of the latter the former has a good defense on the merits *of his* (to the) action, is sufficient and a full compliance with the requirements of the Code of Civil Procedure on the subject." (Syllabus.)

After considering the facts of this case in the light of established jurisprudence, we are of the opinion that although the appellant's affidavit in support of his motion for change of venue is not a model of perfection, it is a 'sufficient compliance with the requirements of the statute.

Therefore, we are of the opinion that the decision appealed from should be reversed and the District Court of Ponce ordered to grant the change of venue solicited.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.